# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| SAMSON CRUZ, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-13-1278-R |
| WILLIAM AUDIE SHERROD, Warden, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a California state prisoner, appearing pro se and in forma pauperis, initiated a suit under 42 U.S.C. § 1983 for alleged due process violations in a disciplinary conviction he received while housed at the North Fork Correctional Facility in Oklahoma. Docs. 1, 23. United States District Court Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Defendant filed the court-ordered Special Report, Doc. 32, and a motion to dismiss, Doc. 33, and Plaintiff responded. Doc. 34. The undersigned has examined these filings, but, under the court's continuing duty to screen the case, recommends that the court dismiss Plaintiff's amended complaint as premature. The undersigned further recommends that the court decline to recharacterize the § 1983 action as a writ of habeas corpus.

I.   **Background and Plaintiff's allegations.**

On January 20, 2012, prison officials informed Plaintiff that he had received mail containing a suspected controlled substance. Doc. 23, at 4.[1] Thereafter, on March 1, 2012, officials presented Plaintiff with a "CDC-115" charging him with conspiracy to introduce a controlled substance (heroin) into an institution. *Id.* Officials found Plaintiff guilty and deducted 180 days of credit as a sanction. *Id.* at 6.

Plaintiff alleges that his disciplinary conviction violated due process on two grounds. First, Plaintiff explains that under California regulations, officials may only deny or forfeit credits if they have presented the inmate with the CDC-115 within fifteen days of the offense's discovery. *Id.* at 8. Plaintiff alleges that Oklahoma officials waited thirty-nine days to present his CDC-115, and thus their deduction of earned credits violated his procedural due process rights. *Id.* at 8, 15-16.

Second, Plaintiff alleges that officials violated his substantive due process rights when they lacked sufficient evidence that he had conspired to have the controlled substance mailed to the facility. *Id.* at 12-14.

II.  **Screening responsibilities.**

Because Plaintiff is proceeding in forma pauperis, Doc. 9, the court has a duty to screen the amended complaint. *See* 28 U.S.C. § 1915(e)(2). This

---

[1]   The undersigned's citations refer to the court's CM/ECF pagination.

screening duty remains continuous throughout the proceedings. *See id.* (directing the court to dismiss the case "at any time" if certain conditions are present). So, the court must dismiss any claim that fails to state a claim upon which relief may be granted. *Id.* § 1915(e)(B)(ii). To survive the review, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the court "assume[s] the truth of all well-pleaded" factual allegations in the amended complaint and construes them "in the light most favorable to [P]laintiff[]." *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

## III. The amended complaint's prematurity.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court recognized that a plaintiff may not seek remedy under § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," *id.* at 486, unless he first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 487. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied *Heck's* holding to a § 1983 suit challenging a prison disciplinary proceeding. *Id.* at

3

646. So, under Supreme Court precedent, Plaintiff may not proceed under § 1983 if a ruling in his favor would necessarily invalidate his disciplinary conviction. *See Heck*, 512 U.S. at 487; *see also Edwards*, 520 U.S. at 648.

Clearly, any ruling that prison officials violated procedural due process and lacked sufficient evidence to find Plaintiff guilty would necessary invalidate his disciplinary conviction. *See Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007) (finding that plaintiff's claims were "foreclosed by *Edwards* . . ." because his allegations that officials failed to give him proper notice regarding the disciplinary hearing and lacked some evidence of his guilt, if true, "'would necessarily imply the invalidity'" of his disciplinary conviction (citation omitted)); *Easter v. Saffle*, 51 F. App'x 286, 288-90 (10th Cir. 2002) (same). And, Plaintiff has alleged neither his disciplinary conviction's reversal nor its expungement – indeed, as noted below, he seeks those things in the instant action. So, the undersigned finds that Plaintiff's § 1983 claims are premature and the court should dismiss the case without prejudice on screening. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." (citations omitted)).

## IV. The case's unsuitability for conversion to a habeas petition.

For relief, Plaintiff seeks the disciplinary conviction's expungement and his credits' restoration. Doc. 23, at 17. These are remedies that can only be granted through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); *Miller v. Edminstein*, 161 F. App'x 787, 789 n.1 (10th Cir. 2006) (noting that plaintiff's "complaint specifically sought the return of the good time credits that were revoked as a result of the disciplinary convictions" and that plaintiff's "sole remedy in federal court is to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241") (citing *Preiser*, 411 U.S. at 500); *see also Smith v. Maschner*, 899 F.2d 940, 951 (10th Cir. 1990) (holding that under *Preiser*, plaintiff's request for restoration of credits could only be raised in a writ of habeas corpus). Under some circumstances, a court may recharacterize a § 1983 complaint as a petition for habeas corpus under 28 U.S.C. § 2241. *See e.g.*, *Farrell v. Ramsey*, 28 F. App'x 751, 753-54 (10th Cir. 2001) ("Because [petitioner] challenges the execution of his sentence" and "does not seek money damages," "we liberally construe [his] civil rights complaint as a habeas petition" "filed pursuant to 28 U.S.C. § 2241."). But the undersigned declines to make such a recommendation because even if the court were to do so, the petition would most likely fail.

Plaintiff is correct that California regulations ordinarily require a CDC-115 to be presented to an inmate within fifteen days "from the date the information leading to the charges is discovered . . . ." Cal. Code Regs., tit. 15, § 3320(a). With some exceptions, officials cannot forfeit or deny a prisoner's credits unless that regulation is satisfied. *Id.* § 3320(f)(1). Plaintiff believes that the fifteen-day time frame began the day officials discovered the envelope with a substance inside, on January 20, 2012. Doc. 23, at 15. Reading somewhat between the lines, prison officials seem to rely on the date the substance was discovered to be a *controlled* substance, on February 24, 2012. *See id.* Ex. G, at 3-4; Doc. 34, at 2.

Notably, the California Court of Appeals has held that the California Department of Corrections does not violate a prisoner's due process rights when it interprets California law as, presumably, did prison officials here – that the fifteen-day time period does not begin until the contraband is confirmed to be an illegal substance. *See In re Semons*, (1989) 256 Cal. Rptr. 641, 644-45 (discussing Cal. Code Regs. tit. 15, § 3220 and its penal code companion, Cal. Penal Code § 2932). But more importantly, California district courts have held that a prison's failure to comply with the precise time frames in § 3220(a), (f) is a matter of state law and does not violate an inmate's right to federal due process. *See Norwood v. Brazelton*, No. EDCV 13-593-JSL (AGR), 2014 WL 4384476, at *4-5 (C.D. Cal. June 12, 2014)

6

(unpublished order) (rejecting petitioner's claim that prison officials violated due process when they revoked his credits despite waiting more than fifteen days to present him with a CDC-115, because the regulation was a matter of state law and "[t]he Supreme Court has *not* clearly established that the prison was required to inform a prisoner of the violation within a specified time from the date it [was] discovered" (emphasis in original)); *Jaime v. Harman*, No. EDCV 11-01827 SS, 2012 WL 1463545, at *6 (C.D. Cal. Apr. 27, 2012) (unpublished order) ("To the extent that Petitioner's claim is based solely on a purported violation of the procedural requirements set forth in Cal. Code Regs., tit. 15, § 3320, the claim fails because federal habeas relief is not normally available for violations of state law."). Were this Court to construe Plaintiff's procedural due process claim as arising under § 2241, it would likely reach the same decision.

Additionally, to satisfy substantive due process requirements, prison officials only needed "some evidence" that Plaintiff was guilty of conspiring to bring a controlled substance into the facility. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 457 (1985). Even "meager" evidence would have sufficed, and it is only if the "record is so devoid of evidence," providing no support for a disciplinary board's decision, that the court could find a violation of due process. *Id.* at 457. Plaintiff does not dispute that someone mailed an envelope to him, in prison, that containing a controlled

7

substance. Doc. 23, at 5 (offering as a defense the theory that an enemy mailed the controlled substance to frame Plaintiff). It is not unreasonable for prison officials to have deduced that Plaintiff conspired with the sender to have the controlled substance delivered. So, again, even if the court were to review this claim under § 2241 it would likely deny relief.

Because the court would likely deny relief to Plaintiff on both claims, the undersigned recommends that the court decline to convert Plaintiff's § 1983 amended complaint into a writ of habeas corpus under § 2241.

## V. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court dismiss Plaintiff's § 1983 amended complaint, Doc. 23, without prejudice based on prematurity, and decline to recharacterize the amended complaint as arising under § 2241. This recommendation will moot Defendant's pending motion to dismiss. Doc. 33.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by April 19, 2015 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

IT IS SO ORDERED this 31st day of March, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE