# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMSON CRUZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM AUDIE SHERROD, Warden, )<br>)<br>Defendant. ) | CASE NO. CIV-13-1278-R |

## ORDER

Plaintiff, a California inmate previously incarcerated in Oklahoma pursuant to a contract with the California Department of Corrections, filed this action seeking relief under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On March 31, 2015, Judge Mitchell issued a Report and Recommendation wherein she recommended that Plaintiff's § 1983 claims be dismissed without prejudice because they are premature. She also recommended against construing the complaint as a petition for habeas corpus under 28 U.S.C. § 2241. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection.

In his objection Petitioner informs the Court that it he deems that the Court construe his claims as a petition under § 2241, conceding that his claims are not ripe for § 1983

adjudication because his disciplinary conviction has not been invalidated. Judge Mitchell's recommendation was based on her conclusion that it would most likely be denied on the merits. She concluded that Petitioner's contention that he was denied due process because the Department of Corrections failed to adhere to a procedural rule set forth in Cal. Code Regs., tit. 15 § 3320(a), and time frames set forth in a state regulations did not implicate his federal due process rights. Judge Mitchell further concluded a petition would fail because there was "some evidence" to support his disciplinary conviction. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 457 (1985). The evidence here, although not substantial by any interpretation, was some evidence of Mr. Cruz's guilt. Mail was received at the prison addressed to him that contained a controlled substance. The conclusion by prison officials that he conspired with someone for delivery of the controlled substance while not the sole reasonable conclusion that could have been drawn from the evidence was nevertheless a reasonable conclusion.

The Court hereby accepts Mr. Cruz's request that his case be converted to a petition under Section 2241 challenging his prison disciplinary conviction. The Court further finds, for the reasons set forth in the Report and Recommendation, that Mr. Cruz's due process rights were not violated with regard to his disciplinary conviction. He received the process to which he was due by virtue of the federal constitution and his conviction was supported by "some evidence." Accordingly, the petition is hereby DENIED. The Report and Recommendation is hereby adopted to the extent is it consistent with the above.

It is so ordered this 30th day of June, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE